# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR25

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| CARROL LEE OWENS ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motions to dismiss and to strike surplusage from the indictment. For the reasons stated below, the motions are denied.

The superseding indictment in this case charges Defendant and others of devising and participating in a scheme whereby they located vehicles parked within the Pisgah National Forest, broke into these vehicles, and stole numerous personal items, including driver's licenses and credit cards. Thereafter, the Government alleges Defendant and others used the stolen driver's licenses and credit cards as means of identification in order to make fraudulent purchases at Wal-Mart and other retailers. **See Superseding Indictment, filed April 25, 2008.**

Defendant entered into a plea agreement with the Government wherein he agreed to enter guilty pleas to Counts Eight and Nine of the superseding indictment in exchange for the Government's dismissal of the remaining charges.  **See Plea Agreement, filed May 5, 2008.**  He formally entered his guilty pleas before the Magistrate Judge on May 5, 2008.  **See Rule 11 Inquiry and Order of Acceptance of Plea, filed May 5, 2008.**

Now, having failed to convince the Court that he should be allowed to withdraw his plea on those counts,[1] Defendant moves the Court to strike "immaterial and irrelevant allegations" from the indictment and to dismiss these charges because the indictment fails to provide sufficient evidence to support the violations.  **See Defendant's Motion to Dismiss and Motion to Strike Surplusage, filed November 3, 2008;** see also **Order, filed November 3, 2008 (denying Defendant's motion to withdraw plea).**

---

[1] The Court notes that Defendant has filed a *pro se* interlocutory appeal from the Court's Order of November 3, 2008, which denied his motion to withdraw his guilty plea.  That appeal, however, is limited in scope and does not affect the Court's ability to dispose of the instant motions.  **See United States v. Bundy, 392 F.3d 641, 644-45 & n.1 (4th Cir. 2004) (noting that "[p]iecemeal or interlocutory appeals are disfavored in the federal courts, especially in criminal cases" and discussing the very limited circumstances in which such appeals are allowed (internal quotation marks omitted) (alteration in original)).**

In his motion to strike surplusage, Defendant contends that his indictment contains "immaterial or irrelevant allegations," but he fails to be specific. A motion to strike surplusage, pursuant to Fed. R. Crim. P. 7(d), rests within the discretion of the trial court and will only be granted where necessary "to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment." **United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979).** In this case, the Court has carefully reviewed the superseding indictment and finds no language contained therein which deserves to be stricken under Rule 7(d); nor has Defendant specifically pointed to any. For these reasons, the motion to strike surplusage must be denied.

Defendant has also filed a separate motion arguing his indictment is defective because there is insufficient evidence to support the charges. Specifically, he contends that, instead of the numerous serious crimes listed in the indictment, he should have been charged only with fraudulent use of a credit card. It is well-established that whether sufficient evidence exists to find a factual basis for charges is determined at trial or, in this case, at sentencing. **See Plea Agreement,** *supra***, at 3 (providing that "the factual basis . . . will be deferred until the time of sentencing").**

The Court finds that the indictment tracks the language of the statutes and there is nothing defective in the construction of any of the counts therein. Therefore, the Court finds Defendant's motion to dismiss is without merit.

Finally, the Court takes this opportunity to note that Defendant is now representing himself in this case, having chosen to do so after the Court warned him of the dangers and consequences of such a decision.  The instant motions are examples of one of the principal hazards that often befall someone untrained in the law:  the tendency to pursue issues that lack merit or relevance to the true issues in the case, and which skirt the edges of frivolity.  Even though the Court will afford much lenience to *pro se* litigants, such tolerance does not give them an absolute and unconditional right of access to the Court in order to prosecute frivolous, malicious, abusive, or vexatious motions.  **Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997).**  Defendant is hereby warned to refrain from such conduct.

**IT IS, THEREFORE, ORDERED** that Defendant's motions to strike and to dismiss are hereby **DENIED**.

5

Signed: November 6, 2008

Lacy H. Thornburg
United States District Judge