# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CRIMINAL NO.  1:08CR25

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **CARROL LEE OWENS** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion requesting a stay of judgment following his sentencing.  Although Defendant's motion cites Rule 38 of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure, the Court will treat it as a motion for release pending appeal under 18 U.S.C. § 3143(b)(1). For the reasons stated below, the motion is denied.

Defendant pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  **Plea Agreement, filed May 5, 2008, at 1; Superseding Bill of Indictment, filed April 25, 2008, at 7-8.**  The Court accepted his

guilty plea in May 2008. **Rule 11 Inquiry and Order of Acceptance of Plea, filed May 5, 2008.**

As the date of his sentencing approached, Defendant requested permission to proceed *pro se* and to withdraw his plea agreement. **Motion to Proceed *Pro Se*, filed October 9, 2008; Motion to Withdraw Plea Agreement, filed October 9, 2008.** After a hearing, the Court allowed Defendant's court-appointed attorney to withdraw and allowed Defendant to proceed *pro se*, but denied his motion to withdraw his plea. **Order, filed November 3, 2008, at 1-2 (hereinafter the "November 3 Order").** Defendant appealed the Court's ruling to the Fourth Circuit. **Notice of Appeal, filed November 7, 2008.**

Defendant's sentencing hearing took place on November 20, 2008. He received a sentence of 48 months imprisonment, to be followed by five years supervised release. He then filed the instant motion, requesting the Court to suspend his sentence pending his appeal of the November 3 Order.

Section 3143 of Title 18, United States Code, provides, in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty[1] of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>>
>>> (i)   reversal,
>>> (ii)   an order for a new trial,
>>> (iii)   a sentence that does not include a term of imprisonment, or
>>> (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

**18 U.S.C. § 3143(b)(1)(A) & (B) (footnote added).** By its terms, the statute requires that Defendant must satisfy both subsections (A) and (B) in order for this Court to authorize release. The Fourth Circuit has indicated that, once a district court has decided a defendant cannot meet

---

[1] This Court has previously held that Section 3143 applies equally to both defendants who have been found guilty by a jury and defendants, such as Mr. Owens, who have pled guilty. ***United States v. Luisa***, 266 F. Supp. 2d 440, 445 (W.D.N.C. 2003).

one of two mandatory conditions for release, the district court need not analyze the second condition. ***See United States v. Irvin*, 2 F.3d 72, 73 n.1 (4th Cir.1993) (noting the importance of the "and" conjunction in a similar subsection of the same statute).**

Here, the Court need not conduct the analysis necessary under subsection (A) because it is apparent that Defendant cannot meet the elements of subsection (B). A "substantial question of law or fact" means a "'close question or one that very well could be decided the other way.'" ***United States v. Hamrick*, 720 F. Supp. 66, 68 (W.D.N.C.1989) (quoting *United States v. Powell*, 761 F.2d 127, 1232 (8th Cir.1985)).** The appeal which Defendant cites in the instant motion[2] is based on this Court's denial of his motion to withdraw his guilty plea. There is no reason to think that denial presents "a substantial question of law or fact." Under well-established Fourth Circuit case law, defendants wishing to withdraw their guilty pleas have the burden of showing a fair and just reason for doing so. ***United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).** In

---

[2] The undersigned notes that Defendant has two other *pro se* appeals pending in the Fourth Circuit from different rulings of this Court, but he has not cited these separate appeals nor referred to them in the instant motion. Accordingly, the Court presumes that Defendant does not intend for those appeals to serve as a basis for his stay request.

deciding whether a defendant has carried this burden, courts must examine the fairness of the defendant's Rule 11 proceeding, as well as the following factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id.* At no time has Defendant offered any evidence or argument pertaining to the fairness of his Rule 11 proceeding, nor has he presented any real arguments pertaining to any of the six additional *Ubakanma* factors. Furthermore, the Court's independent review of the record reveals no irregularities in these areas. Therefore, the Court does not find that Defendant's appeal presents a "substantial" question that is likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a reduction in sentence.

The Court also notes that subsection (B) sets as a condition of release that "the appeal is not for the purpose of delay." Given the lack of merit in the instant motion and numerous other motions and appeals that this Defendant has filed *pro se* – together with his unwillingness to

cooperate with his court-appointed attorney – the undersigned is inclined to think that delay and obfuscation is precisely Defendant's purpose.

For these reasons, the Court finds no merit in Defendant's motion for release pending appeal.

**IT IS, THEREFORE, ORDERED** that Defendant's "motion for stay of judgment" is hereby **DENIED**.

Signed: December 1, 2008

Lacy H. Thornburg
United States District Judge