# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:08cr25

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CARROL LEE OWENS. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Renunciate, Rescind and Revoke [Doc. 76].

On February 7, 2008, the Defendant was charged in an eight-count bill of indictment with aggravated identity theft, larceny, bank fraud and property damage. [Doc. 1]. The indictment was superseded in April 2008 to add a conspiracy charge. [Doc. 13]. On May 5, 2008, the Defendant entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to one count of bank fraud and one count of aggravated identity theft. [Doc. 19]. His plea was entered and accepted by the Magistrate Judge on May 5, 2008. [Doc. 21].

After the presentence report was completed, the Defendant filed two *pro se* motions, a motion to withdraw his plea agreement and a motion to remove his attorney. [Doc. 29; Doc. 30]. His motion to withdraw the plea agreement was denied although he was allowed to proceed in a *pro se* capacity at sentencing. [Doc. 33]. He then made *pro se* filings to dismiss the indictment, strike language therefrom, and vacate his plea agreement. [Doc. 35; Doc. 36; Doc. 39; Doc. 40]. All such motions were denied and the Defendant was sentenced on November 24, 2008 to a total of 48 months imprisonment. [Doc. 41; Doc. 42; Doc. 56].

On appeal, the Defendant argued that the trial court had erred by denying his motion to withdraw his plea agreement. [Doc. 71]. On December 31, 2009, the United States Fourth Circuit Court of Appeals affirmed his convictions and sentences, specifically finding that the trial court properly denied his motion to withdraw his plea agreement. United States v. Owens, 358 Fed.Appx. 468 (4th Cir. 2009).

On March 20, 2010, the Defendant moved to "correct" his sentence claiming that he should be allowed to withdraw his plea agreement due to a breach of contract allegedly in the making of a motion for an upward departure. [Doc. 72]. That motion was denied by the undersigned on March

9, 2010.[1] [Doc. 73].

In the pending motion, the Defendant continues in his attempt to withdraw the plea agreement. This time, he makes nonsensical arguments related to the Uniform Commercial Code and breach of contract. The motion will be denied.

The Court notes that the Defendant has not moved pursuant to 28 U.S.C. §2255 and the Court will not construe this motion as such. See, *e.g.*, United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). As a result, the Court has no authority to correct the Defendant's sentence. See, Fed.R.Crim.P. 35.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Renunciate, Rescind and Revoke [Doc. 76] is hereby **DENIED**.

Signed: October 18, 2010

Martin Reidinger
United States District Judge

---

[1]The case was reassigned when the sentencing judge retired.