IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:08cr25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CARROL LEE OWENS. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for: "Credit for Time Served in Confinement" [Doc. 77].

In February 2008, the Defendant was charged with larceny, destruction of personal property within the Pisgah National Forest, bank fraud and aggravated identity theft. [Doc. 1]. At the time of his indictment, the Defendant was in state custody. [Doc. 3]. The Defendant was transferred to federal custody for prosecution pursuant to a writ of habeas corpus *ad prosequendum* in February 2008. The indictment was superseded in April 2008 to add additional charges. [Doc. 13]. In May 2008, the Defendant entered into a plea agreement with the Government pursuant to which he

1

plead guilty to one count of bank fraud and one count of aggravated identity theft. [Doc. 19]. On November 24, 2008, the Defendant was sentenced to serve 48 months imprisonment. [Doc. 56]. He appealed. [Doc. 58]. Although the record does not so disclose, the Defendant alleges that in December 2008, he was returned to state custody.

The record shows that the Defendant was delivered to the Federal Correctional Facility Beckley to serve his federal sentence on August 18, 2010. [Doc. 75].

The judgment of conviction in this case contains the following provision:

> The [federal] offenses were committed while the defendant was serving an undischarged term of imprisonment. Therefore, the imprisonment term imposed in this case shall run consecutive to the undischarged imprisonment term imposed [in the state court] in Henderson County, North Carolina.

[Doc. 56, at 2].

The time the Defendant spent in state custody was credited toward his state sentence. 18 U.S.C. §3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed ... that has not been credited against another sentence."). It is undisputed that the Defendant was in state

2

custody at the time he was indicted in federal court and that he was transferred into federal custody for prosecution by federal authorities.

> A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. For the purposes of computing [the Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.

Ruggliano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002), *abrogated on other grounds by Application Note 3(e) to U.S.S.G. §5G1.3*; *accord*, United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008); United States v. Fermin, 252 F.3d 102, 108 (2nd Cir. 2001); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Martin v. Lamanna, 2009 WL 690686 (D.S.C. 2009) ("Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence."); Hines v. Schult, 2009 WL 384043 (N.D.N.Y. 2009).

Moreover, the Defendant has not shown that he exhausted administrative remedies within the Bureau of Prisons itself. King v. Federal

3

Bureau of Prisons, 285 Fed.Appx. 2 (3rd Cir. 2008), *certiorari denied* 129 S.Ct. 451, 172 L.Ed.2d 309 (2008), *citing* United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); United States v. Casas, 425 F.3d 23, 67 (1st Cir. 2005), *certiorari denied sub nom* Casas v. United States, 547 U.S. 1061, 126 S.Ct. 1670, 164 L.Ed.2d 409 (2006); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998). The Defendant is not entitled to any relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion for: "Credit for Time Served in Confinement" [Doc. 77] is hereby **DENIED**.

Signed: November 20, 2010

Martin Reidinger
United States District Judge