# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00025-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CARROL LEE OWENS, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Petition for Speedy Disposition and/or Trial against Detainer" [Doc. 85].

The Defendant pled guilty to charges of bank fraud and identity theft and was sentenced in November 2008 to a total of 48 months' imprisonment. [Doc. 56]. The Defendant states that he commenced his federal prison term in March 2010, and that in April 2013, he was transferred to a halfway house to serve the last six months of his sentence. [Doc. 85 at 1]. On August 18, 2013, the Defendant left the halfway house without authorization and was arrested later that day on outstanding state warrants. While in state custody, the Defendant states that the U.S. Marshals Service placed a detainer on him, which prevented him from

making bond on the state charges. The Defendant states that he is now currently serving a five-year sentence with the North Carolina Department of Corrections. [Id. at 2].

In his motion, the Defendant seeks to invoke the right to a speedy disposition and/or trial under the Interstate Agreement on Detainers Act. Alternatively, he asks the Court to terminate his federal sentence as of his original projected release date of October 10, 2013. [Id. at 3].

The Interstate Agreement on Detainers Act ("IADA") is a compact among forty-eight (48) states, the District of Columbia, and the Federal Government which allows a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner" by another state. 18 U.S.C. App. 2 § 2, Art. III. The purpose of the IADA is "to encourage the expeditious and orderly disposition of [pending] charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints" filed against prisoners. 18 U.S.C. App. 2, § 2, Art. I.

As the Supreme Court has explained, the IADA is limited to detainers lodged against prisoners with new criminal charges pending. See Carchman v. Nash, 473 U.S. 716, 726 (1985). Because there is no federal

criminal charge pending against the Defendant, the Act is inapplicable to his current detainer.  See id.  Accordingly, the Defendant's request for relief under the IADA must be denied.

The Defendant's request for alternative relief also fails.  A federal prisoner attacking the computation of his or her sentence must first exhaust all administrative remedies with the Bureau of Prisons before seeking review in federal court.  See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam).  Further, a claim attacking the computation of a sentence must be brought pursuant to 28 U.S.C. § 2241 in the district of confinement.  See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); 28 U.S.C. § 2241(a).  For these reasons, this Court does not have jurisdiction to entertain his claim.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Petition for Speedy Disposition and/or Trial against Detainer" [Doc. 85] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 16, 2014

Martin Reidinger
United States District Judge