# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08 cr 25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CARROL LEE OWENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are Defendant's Motion to Proceed Pro Se [# 94] and Defendant's Counsel's Motion to Withdraw [# 59]. In the motions, Defendant and Attorney Ben C. Scales Jr. make clear that there was a disagreement or misunderstanding about how to handle Defendant's case, specifically setting a bond revocation hearing. On April 4, 2018, the Court held a hearing on the motions. Defendant and counsel were present. The Government was present and represented through AUSA Daniel Bradley. The Court makes the following findings.

**Findings.** On February 23, 2018, the Court found Defendant indigent and appointed him counsel. Attorney Scales was assigned Defendant's case. It is the Court's view that Attorney Scales has given Defendant a more than adequate defense. Defendant is currently detained awaiting a hearing on a supervised release violation [# 87].

On March 6, 2018, Scales met with Defendant and Defendant inquired about asking the Court for a bond hearing. While attorney Scales advised his client of the pros and cons of conducing such a hearing, Defendant and Scales clashed over the need of a bond hearing. Several days later, Defendant again inquired about a bond hearing and Scales began to investigate Defendant's claims. On March 26, 2018, Defendant filed his Motion to Proceed Pro Se [# 94] alleging ineffective assistance of counsel. On April 2, 2018, Attorney Scales filed his Motion to

Withdraw [# 95]

On April 4, 2018, the Court conducted a sealed hearing on the motions because inquiry could reveal confidential information between Defendant and Attorney Scales. At the conclusion of the hearing, the Court granted Defendant's request for a bond hearing and scheduled it for April 6, 2018. Defendant's sentencing is scheduled for April 12, 2018.

**Discussion.** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only for good cause. Miller v. Smith, 115 F.3d 1136, 1143–44 (4th Cir. 1997). The determination of whether the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing government interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1, 14–15 (1983). Regarding the motion to withdraw, the Court has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish counsel to represent him further; and (3) whether or not there is such a conflict between the defendant and counsel that is so great that is has resulted in a total lack of communication preventing an adequate defense. U.S. v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (citing U.S. v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988)). Further, the Court seriously considers Defendant's right to represent himself. *See* Faretta v. California, 422 U.S. 806, 835 (1975).

On January 31, 2018, the U.S. Probation Office filed a petition for a warrant alleging Defendant violated his terms and conditions of supervised release [# 87]. On February 22, 2018, Defendant was arrested. On February 26, 2018, the Court issued an order of detention as to Defendant [# 91]. Defendant now awaits his final hearing and sentencing before the District Court on April 12, 2018. The Court finds that being so close to sentencing as a factor that weighs against granting the motion to withdraw.

At the April 4, 2018, sealed hearing the Court inquired as to the reasons for the conflict between Defendant and Attorney Scales. The Court finds the reasons stated in the sealed hearing

as a factor for allowing the motion.

Finally, at this time, it appears to the Court that a conflict exists between Attorney Scales and Defendant such that there is a total lack of communication between them preventing an adequate defense. This factor weighs for allowing the motion.

After considering all factors, it appears that while the hearing is imminent, Defendant seems capable and desires to represent himself; as a result of the inquiry made, the Court finds good reason to allow Defendant to proceed pro se with standby counsel; and there appears to be a lack of communication between Attorney Scales and Defendant that would prevent an adequate defense.

Based on the foregoing, the Court has determined to enter an order granting the motion to proceed pro se and granting the motion to withdraw.

## ORDER

The Court **GRANTS** the Motion to Proceed Pro Se [# 94]. Defendant shall represent himself with standby counsel assigned by the Federal Public Defender.

Further, the Court **GRANTS** the Motion to Withdraw [# 95]. Attorney Scales may withdraw as counsel of record for Defendant. Attorney Scales shall provide Defendant's standby counsel with all documents and materials related to Defendant's case.

Signed: April 4, 2018

_____
Dennis L. Howell
United States Magistrate Judge