# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00025-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CARROL LEE OWENS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Correct Error Pursuant to 18 U.S.C. § 3582(c)(1)(B), FRCP 35(a), and/or FRCP 36" [Doc. 118].

On April 16, 2018, the Court revoked the Defendant's term of his supervised release and sentenced him to a term of 27 months' imprisonment. [Doc. 102]. On appeal, the Fourth Circuit Court of Appeals affirmed the Court's Judgment, finding "no meritorious issues for appeal." [Doc. 113 at 2].

The Defendant now moves to correct a "clerical error" in the Judgment [Doc. 102]. Specifically, he contends that the Court erred in classifying one of his violations as a Grade B violation.

To the extent that the Defendant seeks relief under § 3582(c)(1)(B) and Rule 35 of the Federal Rules of Criminal Procedure, his motion must be denied. Section 3582(c)(1)(B) allows a court to modify a sentence under Rule 35, which provides in pertinent part that the Court may correct a sentence resulting from an arithmetical, technical or other clear error "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a). The Defendant's present motion was filed well outside this 14-day window, and thus he may not seek relief under Rule 35(a).

The Defendant fares no better under Rule 36. That Rule provides that the Court may correct a clerical error in a judgment "at any time." Fed. R. Crim. P. 36. "Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature." United States v. Postell, 412 F. App'x 568, 569 (4th Cir. 2011). While the Defendant argues that the classification of one of his violations as a Grade B violation constitutes a "clerical error," he is in fact asserting a substantive challenge to the calculation of his applicable Guidelines range. Accordingly, the Defendant's motion for the correction of a "clerical error" under Rule 36 must also be denied.

Having carefully reviewed the record, the Court concludes that the Defendant's applicable Guidelines range was properly calculated. At the hearing, the Court found by a preponderance of the evidence that the

Defendant had committed the criminal offense of Felony Flee/Elude Arrest with a Motor Vehicle, in violation of N.C. Gen. Stat. 20-141.5(b), in that the Defendant willfully and feloniously operated a motor vehicle while fleeing from Detective Robert Pace with the Henderson County Sheriff's Office, who was attempting to make a traffic stop. Accordingly, the first violation alleged in the petition was properly classified as a Grade B violation. See U.S.S.G. § 7b1.1(a)(2). Defendant's counsel agreed and conceded that this determination was correct.

The Defendant appears to assert that the finding of a Grade B violation was in error because it was based on the criminal history category findings in his original Presentence Report from 2008. The Defendant misunderstands § 3582(e)(3) and U.S.S.G. § 7B1.4. The finding regarding the Defendant's criminal history category of VI from his 2008 Presentence Report, *taken together with* the finding of a Grade B violation, yielded the Guidelines range of 21-27 months. This is precisely what § 7B1.4 dictates. The finding of the Grade B violation was not predicated on his original criminal history category finding.

For all these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Correct Error Pursuant to 18 U.S.C. § 3582(c)(1)(B), FRCP 35(a), and/or FRCP 36" [Doc. 118] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 8, 2019

Martin Reidinger
United States District Judge

4