IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08 CR 25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CARROL LEE OWENS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Motion to Withdraw (Doc. 128) filed by defense counsel, Ben Scales. A hearing on the Motion was conducted on October 5, 2020. At the conclusion of the hearing, the undersigned granted the Motion. This Order memorializes that ruling.

On July 8, 2020, a Petition was filed alleging that Defendant had violated the terms and conditions of his supervised release. (Doc. 124). An Addendum was filed subsequently on September 29, 2020. (Doc. 125). Together, the Petition and the Addendum contain 8 different violation numbers.

On Wednesday, September 30, 2020, Defendant made his initial appearance before the undersigned. An Assistant Federal Public Defender appeared with Defendant during that proceeding. Defendant requested that counsel be appointed for him and his request was granted. Mr. Scales was

1

appointed to represent Defendant the same day. Preliminary revocation and detention hearings were scheduled for the following Monday, October 5, 2020.

According to the Motion to Withdraw, Mr. Scales met with Defendant on Thursday, October 1, 2020 at which time Defendant advised that he wished to represent himself in this case. Mr. Scales filed the Motion to withdraw the following day, Friday, October 2, 2020.

When the case was called on October 5, 2020, the undersigned first addressed the Motion to Withdraw. As Mr. Scales reported that it was unclear to him whether Defendant wished to proceed *pro se* or wished to be represented by counsel other than Mr. Scales, the undersigned directed that the record be sealed and the courtroom be closed so that the Court could inquire directly of Defendant on these issues.[1]

During the closed portion of the proceeding, Defendant advised that he in fact did wish to proceed *pro se*. The Court then posed numerous questions to Defendant to determine whether he understood his rights regarding counsel and the risks and disadvantages to proceeding *pro se* and whether his desire to proceed without counsel was voluntary. Following this inquiry, Defendant repeated his request to represent himself. Neither Defendant nor Mr. Scales,

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate confidentiality concerns and are necessary for the memorialization of the Court's ruling.

however, objected to Mr. Scales continuing to appear in the matter as standby counsel.

The courtroom was then unsealed and the record was reopened.

The Government likewise did not object to the appointment of Mr. Scales as standby counsel.

Having advised Defendant fully of the charges he is facing and the disadvantages of representing himself, and it appearing that Defendant understands these issues and nonetheless wishes to represent himself in this matter, the undersigned concludes that Defendant has knowingly and voluntarily waived the right to be represented by an attorney and therefore permits him to represent himself in this case. The undersigned also finds, however, that Mr. Scales should appear as standby counsel, in the event it is later determined that Defendant can no longer be permitted to proceed *pro se*.

Accordingly, the Motion to Withdraw (Doc. 128) is **GRANTED** and Mr. Scales is withdrawn as primary counsel for Defendant, though he will continue to serve in the role of standby counsel.

It is so ordered.

Signed: October 5, 2020

W. Carleton Metcalf
United States Magistrate Judge