IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08 CR 25 MR WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CARROL LEE OWENS | ) | |
| _____ | ) | |

Before the Court is Defendant's Letter/Motion (Doc. 132) ("Motion"). The Government has responded (Doc 133).

Defendant was convicted of bank fraud in violation of 18 U.S.C. §§ 1344, 2, and fraud with identification documents in violation of 18 U.S.C. §§ 1028A, 2.

On July 8, 2020, a Petition was filed alleging that Defendant violated the terms and conditions of his supervised release. On September 29, 2020, an Addendum to the Petition was filed.

On October 19, 2020, the Motion was filed on the docket. The Motion is a letter from Defendant, who appears *pro se*, to the Government requesting "'all evidence' that will be introduced and relied on," at his revocation proceedings, such as officer and witness statements, a witness list, mapped cellular data, dashboard camera video, and Officer Crespo's personnel files. Nonetheless, the undersigned will construe the document as being a motion.

As a general matter, in this district, certain discovery related to supervised release proceedings is produced pursuant to agreement among the United States Attorney's Office, the Federal Defender's Office, and the United States Probation Office. In this case specifically, the Government states in its Response that it will fulfill its discovery obligations under the applicable rules and will provide documents and information responsive to its duties under Brady v. Maryland, and Giglio v. United States. The Government also promises to provide all discovery in its possession and control, and to contact the noted law enforcement agencies and request that they provide the evidence and information, if in fact it exists, that Defendant seeks. With regard to the personnel records of law enforcement officers, the Government advises that it will not produce such records, due to confidentiality and privacy concerns, unless the records are relevant to the instant case or relate to an officer's credibility or bias.

In light of the Government's representations, it is not apparent that there is a dispute over Defendant's access to the Government's evidence. The undersigned therefore concludes that the Motion is not ripe and that it should be denied. This denial, however, will be without prejudice to renewal of the Motion by Defendant if, following production of the discovery identified by the Government, an actual controversy or dispute arises.

Accordingly, Defendant's Letter/Motion (Doc. 132) is **DENIED WITHOUT PREJUDICE.**

It is so ordered.

Signed: November 10, 2020

W. Carleton Metcalf
United States Magistrate Judge